■ PORT JEFFERSON HEALTH CARE FACILITY et al., Respondents, v BRIAN WING, as Acting Commissioner of Social Services of the State of New York, et al., Appellants. [677 NYS2d 178] —In an action for declaratory and injunctive relief, the defendants appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (Newmark, J.), entered August 27, 1997, as granted that branch of the plaintiffs' motion which was for summary judgment as to the second cause of action of their amended complaint, and as declared that a 1.2% additional assessment and a 3.8% further additional assessment on gross receipts of residential health care facilities, pursuant to Public Health Law § 2807-d (2) (b) (ii) and (iii), violated the plaintiffs' equal protection rights.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1990, in response to a Medicaid program deficit, the Legislature enacted Public Health Law § 2807-d, which imposed an assessment on residential health care facilities (hereinafter RHCFs), requiring them to pay a percentage (fixed at 0.6%) of gross receipts from all patient care services and operating income for a 15-month period (Public Health Law § 2807-d [1] [a]; L 1990, ch 938, § 28). In 1992, the statute was amended, eliminating the March 31, 1992, sunset date for the 0.6% assessment and imposing an additional assessment of 1.2% over and above the initial 0.6% assessment (*see,* L 1992, ch 41, §§ 5, 54, 163). The 1992 amendment also included an-

other feature: the additional assessment of 1.2% was declared a reimbursable cost in determining the facility's Medicaid rate (*see,* Public Health Law § 2807-d [10] [b]; L 1992, ch 41, § 11).

In 1995 and 1996, the Legislature again amended the statute to impose additional assessments on RHCFs, notably, an additional 3.8% for the period July 1, 1995, to March 31, 1996 (*see,* L 1995, ch 2, § 136; Public Health Law § 2807-d [2] [b] [iii]). As with the earlier 1.2% assessment, the statute was amended to provide that the further additional assessment of 3.8% was a reimbursable cost in determining a facility's Medicaid rate (*see,* L 1995, ch 2, § 139; Public Health Law § 2807-d [10] [b]).

The plaintiffs, 21 private RHCFs located in various counties throughout New York State who care for substantial proportions of non-Medicaid residents and who receive large proportions of revenue from non-Medicaid sources, commenced the instant action for declaratory and injunctive relief, challenging the constitutionality of the additional assessment of 1.2% and the further additional assessment of 3.8% on the gross receipts received by RHCFs, which were imposed by Public Health Law § 2807-d, as amended in 1992 and 1995 (*see,* Public Health Law § 2807-d [2] [b] [ii], [iii]). The Supreme Court, *inter alia,* declared that the 1.2% and the 3.8% assessments on the gross receipts of RHCFs, imposed pursuant to Public Health Law § 2807-d, were unconstitutional as violative of the plaintiffs' rights to equal protection. We affirm.

As this Court has stated, "[a] tax or assessment will rarely fall with exquisite perfection and equality on all who are slated to pay" (*Osborn Mem. Home Assn. v Chassin,* 240 AD2d 143, 149). "To meet equal protection criteria, however, there must be general uniformity of treatment of those similarly situated, the classifications for disparity must be reasonable, and the taxes imposed must be uniform within the class" (*Osborn Mem. Home Assn. v Chassin, supra,* at 149; *Foss v City of Rochester,* 65 NY2d 247; *Trump v Chu,* 65 NY2d 20; *see also, Lehnhausen v Lake Shore Auto Parts Co.,* 410 US 356; *Allied Stores v Bowers,* 358 US 522). The challenged assessments are not uniformly imposed and do disparately impact taxed RHCFs, despite the fact that all are engaged in the same activity and, by Federal regulations, are required to provide the same quality of care (*see,* 42 CFR 483.12 [c] [1]). The greater the proportion of Medicaid services provided by an RHCF, the greater the proportion of that particular RHCF's gross receipts assessments would be reimbursed by the State. Thus, those facilities having a large Medicaid population have the majority of their

revenues not subject to assessments (beyond the initial assessment of 0.6%), while RHCFs like the plaintiffs, having a large proportion of gross receipts from non-Medicaid sources, must shoulder the burden of the assessments (at the effective rate of 5.6%). The disparate treatment of similarly-situated RHCFs is based solely on the source from which the revenue was received.

This classification, though discriminatory, would not violate the principles of due process or equal protection if it was "founded upon a reasonable distinction, or difference in state policy" (*Allied Stores v Bowers, supra, at 528; see also, Trump v Chu, supra; Foss v City of Rochester, supra*). The only argument advanced by the defendants for the distinction, which is worthy of note, is the State's interest in raising revenue. However, by providing for reimbursement of the 1.2% and 3.8% assessments based upon the extent of a facility's Medicaid population, the State is acting at odds with its efforts to reduce Medicaid costs.

Moreover, the statutes challenged herein impermissibly impose gross receipts taxes which treat differently the same transaction—the provision of skilled care to residents of RHCFs—without regard to profits (*see, Stewart Dry Goods Co. v Lewis,* 294 US 550; *Trump v Chu, supra,* at 26).

Accordingly, the 1.2% and 3.8% assessments challenged herein are unconstitutional as violative of the plaintiffs' equal protection rights. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.